United States District Court
Southern District of Texas
**ENTERED**
November 02, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| WHITNEY GIBBS, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00280 |
| | § | |
| MYLAUREL HEALTH d/b/a MYLAUREL, INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |

**OPINION AND ORDER**

Plaintiff has filed a motion for leave to file a first amended complaint, "which corrects the name of Defendant from 'Mylaurel Health d/b/a Mylaurel, Inc.' to myLaurel Medical Group LA, LLC." Dkt. 20 at 1. In her motion for leave, Plaintiff also asks that I "confirm that the First Amended Complaint relates back to the filing of the Original Petition on June 30, 2026"; "extend the time to serve Defendant under its corrected name by 30 days from the date of the order"; and "deny Defendant's Motion to Dismiss (Doc. 8) as moot." *Id.* at 6–7. Defendant does not oppose Plaintiff's request to correct its name in an amended complaint, but objects to Plaintiff's other requested relief. *See* Dkt. 22 at 1.

Because Defendant does not oppose the filing of an amended complaint, Plaintiff's request for leave is granted. The court clerk is ordered to file Dkt. 20-2 as Plaintiff's First Amended Complaint.

At this time, Plaintiff's request for additional relief is denied. I need not decide now if the First Amended Complaint relates back to the date the Original Petition was filed. I also need not determine today whether to extend the time to serve Defendant. Defendant's motion to dismiss is pending before me. *See* Dkt. 8. One of the arguments Defendant makes is that this case should be dismissed for lack of timely service. In ruling on the motion to dismiss, I will address the merits of that argument. Finally, I reject Plaintiff's contention that the filing of the First

Amended Complaint somehow moots the motion to dismiss. Defendant "should not be required to file a new motion to dismiss simply because an amended pleading was introduced while [its] motion was pending." *Rountree v. Dyson*, 892 F.3d 681, 683 (5th Cir. 2018) (quotation omitted). "Rather, if some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading." *Id.* at 683–84 (cleaned up). Given this guidance from the Fifth Circuit, I will apply Defendant's motion to dismiss (Dkt. 8) to the First Amended Complaint. I intend to issue a memorandum and recommendation on the motion to dismiss soon.

SIGNED this 2nd day of November 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE